HEARD APRIL TERM, 1873.

## AUDITOR *vs.* TREASURER.

The principle decided in the case of the *State Ex Rel. Shiver* vs. *Comptroller General*, (ante p. 185), that the Act of March 2d, 1872, so far as it authorized the issue of scrip known as the Revenue Bond Scrip, is unconstitutional and void, reaffirmed.

An action lies at the suit of the State Auditor in his official capacity against the State Treasurer and County Treasurers to enjoin them from receiving in payment of taxes unconstitutional and worthless scrip. So, also, he may maintain the action in his individual and private right as a citizen of the State.

BEFORE MELTON, J., AT COLUMBIA, NOVEMBER, 1872.

This was an action in the name of the State by Edwin F. Gary, as State Auditor, relator, against Niles G. Parker, as State Treasurer, and others, as County Treasurers, defendants, for injunction. By an order of the Circuit Court, John P. Southern and others, scrip holders, were allowed to intervene as defendants.

The points decided in the case will be fully understood from the opinion of the Court.

His Honor the Circuit Judge granted the injunction, and the defendants appealed.

*Rion, Magrath*, for appellants.

*Pope & Haskell*, contra.

June 9, 1873.   The opinion of the Court was delivered by

Moses, C. J.   In the case of the *State Ex Rel. R. C. Shiver, et al.,* vs. *S. L. Hoge,* (ante p. 185) as Comptroller General, this Court held that the Act of March 2d, 1872, referred to in the pleadings here, so far as it attempted to authorize the issue of the obligations designated as revenue bond scrip, was in conflict with so much of the tenth Section of first Article of the Constitution of the United States as declares that "no State shall emit bills of credit," and therefore void.   There, the plaintiffs sought by *mandamus* to require the Comptroller General to levy, or cause to be levied, a tax of three mills on the dollar for the redemption of the said scrip.   Here, the plaintiff, by his complaint, prays an injunction against the State Treasurer and the several County Treasurers to enjoin :

1. The State Treasurer from issuing and putting in circulation the said revenue bond scrip.

2. To enjoin the State Treasurer and the County Treasurers from receiving the same for past due taxes.

3. That they be enjoined from paying out the said revenue bond scrip.

4. That they be enjoined from receiving the same for taxes hereafter to be collected under the levy for the year 1872, or at any other time.

The case before us involves the point made and decided on the petition for the *mandamus*, as to the prohibitory effect of the Constitution of the United States on the said scrip.   Our opinion and judgment there are adopted as concluding so much of this case as presents the same question.   A single other proposition remains to be considered, and this is raised by the answer of the defendants, Southern, R. C. Shiver and others, who, at the hearing on Circuit, on November the 9th, 1872, were admitted by order of the Court, on their own petition, as parties defendant.   They object to the relief claimed, on the ground "that no right of action subsists in the plaintiff to pray the injunction sought for."   The complaint of the plaintiff is to be regarded in a two-fold aspect : 1st. As to the receipt of the said scrip for past due taxes; and, 2d, for taxes to be thereafter collected under the levy for 1872, or at any other time. The Auditor is an officer of the State, connected with its fiscal operations.   The taxes, after the rate is prescribed by the Legislature, are to be levied by him.   They are to meet appropriations

made, and this anticipates their payment in money, or in the sub-
stitutes for it which the Legislature may have previously directed.
The power to order the levy must involve the right not only of
enforcing it according to the intention of the Act, by virtue of
which it is exercised, and, therefore, of preventing its execution by
the Treasurers in a mode calculated to subvert the purposes which
the Legislature contemplated by its enactment. The Legislature
holds but one regular annual session, and if during its recess no
officer of the government could intervene to secure the reception of
the taxes in the medium alone which the Legislature had directed,
its whole object might be defeated by the unlawful course of the
State Treasurer or the County Treasurers, in receiving as payment
that which the Legislature had not authorized, and which would
be entirely unavailing to meet the current expenses of the year.
The disastrous consequences which would follow such a course can
be prevented by the intervention of some State officer, whose
duties closely connect him with its fiscal concerns, claiming, in
his relation on behalf of the State, the interference of the
judiciary department. To say nothing of the acceptance by the
Treasurer in payment of taxes of that which would have in fact no
value, because its existence could not be recognized as constitutional,
it was at least questionable, under the third Section of the Act of 2d
March, 1872, whether the scrip was receivable in payment of taxes
past due or arising from the sales of land for delinquent taxes. The
Auditor, therefore, may well be recognized as the proper officer, in
the name of the State, not to question its act, but to prevent its
execution in a manner never contemplated by it, and tending to the
great wrong and injury of the whole people. If the Auditor had
only sought by his complaint to enjoin the Treasurer from accept-
ing the scrip in payment of past taxes, the Court would, neverthe-
less, have the right to pass upon the constitutional character of the
whole enactment, so far as it related to the scrip.

There is another view which may be taken of the objection thus
urged. A public officer having the charge or care of the property
or money of the State, as to its proper preservation and disposition,
occupies, in regard to it, the relation of a trustee. He must hold it
alone in strict devotion to the purposes of the agency which his of-
fice confers. The State, as a *cestui que trust*, may enforce the trust
and save the subject of it from conversion to an object not within
its scope. A private citizen and tax payer has such an equity as

will authorize him, on behalf of himself and all others who will be prejudiced by the proposed wrongful act of the officer, in respect either to the money or the property, to resort to judicial proceedings for its prevention. Even if the plaintiff in his official capacity as Auditor, could not sustain his complaint against the State Treasurer and the County Treasurers to the extent of the entire relief which he seeks under it, the Court may still entertain his application, looking to his rights as a member of the community in the trust of which the principal defendants are trustees, holding the money of the State on conditions and for purposes subject only to the constitutional contract of the Legislature. His absolute and personal rights in the premises cannot be lost because he asks for their protection in an official in place of an individual relation.

The motion is dismissed.

*Wright,* A. J., and *Willard,* A. J., concurred.